

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4752
Re: Application of Chapter 5-A
of Inheritance Tax Laws to
intangibles owned by a non-
resident -- Estate of Wilbur
L. Ball

Your letter of July 21st requesting our opinion
concerning the taxability of the above estate reads as fol-
lows:

"The deceased died a resident of the State
of New York on November 14, 1941. At the time
of his death he was the owner of a one-fifth in-
terest in a Texas partnership made up entirely
of oil and gas leases and royalties.

"The value of this interest is $20,895.82.
This property passed to the widow, who has an
exemption of $25,000, therefore, we could not
levy a tax in this case under Chapter 5, of our
Inheritance Tax Laws. The next procedure is to
determine the amount of inheritance tax due by
this estate under Chapter 5-A of our Inheritance
Tax Laws.

"There has been considerable discussion in
this department from time to time with regard
to the taxability of this nature of asset, and
now since the decision of the United States Sup-
reme Court in the Utah case, the question has
become rather serious.

"We wish to be advised whether or not this
interest is taxable under Chapter 5-A of our

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Inheritance Tax Laws. I attach the complete office file of the above estate for your use in this connection."

The question of the nature of an interest in a partnership, and its situs for inheritance tax purposes, was considered in the opinion of Assistant Attorney General John McKay addressed to you under date of August 5, 1937, relating to the estate of J. A. Lamb. We quote from that opinion:

"The question you wish answered is whether or not a partnership interest in realty owned, by a non-resident decedent is taxable in Texas under the Inheritance Tax Law of this State.

"You are respectfully advised that this partnership interest even though the partnership property be in the nature of real property, is not taxable in this State due to the fact that its situs is at the domicile of the owner. The full discussion of the law regarding partnerships appears in Vol. 32, Tex. Jur. 207-595.

"Texas cases which define partner's interest as an intangible interest are Oliphant vs. Marcum, 15 S. W. 569; Moore vs. Steele, 67 Tex. 435; Sherk vs. First National Bank of Herford, et al., 206 S. W. 507. See also Gleason & Otis on Inheritance Taxation, 4th Ed., page 590.

"The U. S. S. Ct. has laid down the rule that the interest of a partner in partnership assets constitutes a chose in action and is intangible personal property subject to transfer inheritance tax in the State of decedent's domicile. See Blodgett vs. Silberman, 277 U. S. 1."

Unquestionably this opinion correctly stated the law as of the date it was written. That a partnership interest is an 'intangible" asset even as to the real estate owned by the partnership is undoubtedly still the law in Texas. But the doctrine that intangible assets are subject to an inheritance tax only in the state of the owner's domicile (Farmers' Loan & Trust Co. v. State of Minnesota (1929), 280 U. S. 204, 74 L. Ed.

371, 50 S. Ct. 98, 65 A.L.R. 1000; Baldwin v. Missouri (1930) 281 U. S. 586, 74 L. Ed. 1056, 50 S. Ct. 436, 72 A.L.R. 1303; First National Bank vs. Maine (1931) 284 U. S. 312, 76 L. Ed. 313, 52 S. Ct. 174) was unequivocably overruled by the United States Supreme Court on April 27, 1942, by its decision in State Tax Commission of Utah v. Aldrich, 62 S. Ct. 1008, 86 L. Ed. 911. The opinion of the Court in the Aldrich case revives the authority of Blackstone v. Miller, (1903) 188 U.S. 189, 23 S. Ct. 277, 47 L. Ed. 439 (which had been overruled by Farmers' Loan & Trust Co. v. Minnesota, supra) and accepts as the jurisdictional basis for state inheritance taxes the criterion championed by the dissenting opinions in the three cases first above cited, i.e., if a State, by its law, gives protection to property or effect to a right in property, it may exact an inheritance tax upon the transfer thereof as a "quid pro quo." Applying this criterion to a partnership interest in Texas real estate owned by a non-resident it would appear that the law of Texas gives protection to the physical property of the partnership, and gives effect to a partnership interest therein, and therefore Texas may demand an inheritance tax upon the transfer of the partnership interest at the death of the partner, though he be domiciled in another state.

The constitutional inhibition against the taxation of intangibles by any state other than that of the decedent's domicile, having been removed by the Aldrich case, such a partnership interest owned by a non-resident in Texas real estate is, we believe, taxable under Article 7117, R. C. S., 1925, which reads in part as follows:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, . . . whether belonging to inhabitants of this State or to persons who are not inhabitants, regardless of whether such property is located within or without this State, which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State . . . shall, upon passing to or for the use of any person, corporation or association, be subject to a tax. . . ." (Emphasis ours)

You state that since the value of the decedent's partnership interest in Texas real estate in the Wilbur L. Ball estate does not amount to as much as the beneficiary's specific exemption, no tax is due under Chapter 5 of our inheritance tax law, which includes Article 7117 quoted above. You then ask whether a tax might be due thereon under Chapter 5-A of Title 122, being Article 7144a, Vernon's Annotated Civil Statutes of Texas. Chapter 5-A was enacted by the Legislature in 1933 with the purpose and intention (as stated in Section 3, thereof) "to collect only a sufficient additional tax, when necessary, for the State to get the full benefit of the eighty (80) percent credit to the State provided for by Section 301, Chapter 27 of the Federal Revenue Act of 1926." Subsection (b) of said Act, (which appears as § 813, Title 26, U.S.C.A.) provides in part:

"(b) Estate, succession, legacy, and inheritance taxes. The tax imposed by section 810 shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory or the District of Columbia, or any possession of the United States, in respect of any property included in the gross estate (not including any such taxes paid with respect to the estate of a person other than the decedent). The credit allowed by this subsection shall not exceed 80 per centum of the tax imposed by section 810 . . . ."

Further indication of the legislative purpose in the enactment of Chapter 5-A is to be found in Sections 8, 14 and 15 thereof, which read as follows:

"Sec. 8. Sections 1 to 7, inclusive, of this Chapter shall always be construed so as not to increase the total amount of taxes payable to the State and the Federal Government combined upon the estates of decedents, the only purpose of said additional tax being to take full advantage of the eighty (80%) per cent credit allowed by the Federal Revenue Act of 1926, to those who have paid any estate, inheritance, legacy, or succession tax to any State or territory or to the District

of Columbia, in respect to any property included
in the decedent's gross estate."

"Sec. 14. The inheritance tax that is here-
by imposed upon every beneficiary's share of the
estate of a non-resident decedent shall be a tax
which, in amount, bears the same ratio to the en-
tire tax for which the beneficiary's interest
would be liable if the entire estate were situat-
ed in Texas, as the total value of the benefi-
ciary's share of the decedent's estate which is
situated in Texas, before allowable beneficiary
deductions are made, bears to the total value of
the beneficiary's entire share in the estate of
the non-resident decedent wherever situated, be-
fore allowable beneficiary deductions are made."

"Section 15. In the event a resident of
this State dies, leaving any estate subject to
an inheritance tax, situated partly within and
partly without this State, the inheritance tax
imposed upon the share of any beneficiary of
said estate situated in Texas shall be a tax
which shall bear the same ratio to the amount
such tax would be if his entire share and interest
were situated in Texas, before allowable benefi-
ciary deductions, bears to the total value of
such beneficiary's share in such decedent's es-
tate, wherever situated, before allowable bene-
ficiary deductions are made."

In 1933, when Chapter 5-A was enacted, it was settled
law, under the doctrine announced by First National Bank vs.
Maine, supra, that no property, whether tangible or intangi-
ble, could be subject to an inheritance tax in more than one
State. At that time intangibles could be taxed only by the
State of the decedent's domicile. Texas could not have col-
lected an inheritance tax upon intangibles of any nature owned
by a non-resident, either under Chapter 5 or Chapter 5-A. It
is not to be presumed therefore, that the Legislature intended

Chapter 5-A to apply thereto. It is a well-recognized rule of statutory construction that statutes are to be construed in the light of conditions and the law existing as of the date of their enactment. Railroad Commission v. T. & N. O. Railroad Co., 42 S. W. (2d) 109.

The above quoted provisions of Chapter 5-A clearly indicate that the legislature could not have intended the tax thereby imposed to apply to any property upon which transfer taxes might be collected by more than one State. The practical confusion resulting when two or more states should each attempt to collect 80% of the Federal tax is self-evident. If Texas were to collect 80% of the Federal tax on intangible property upon which the State of the decedent's domicile was also levying a tax equal to 80% of the 1926 Federal tax, this same property would be taxed at 160% of the Federal tax; a result which is manifestly ridiculous, and which would be in conflict with the express direction of Section 8 of Chapter 5-A which requires that the Chapter "shall always be construed so as not to increase the total amount of taxes payable to the State and the Federal Government combined."

We conclude, therefore, that Chapter 5-A must be construed in the light of the prevailing law on the jurisdiction of States to impose inheritance taxes as of 1935; which means that the tax imposed by Chapter 5-A can be applied only to such property as Texas had jurisdiction to tax under the doctrine of First National Bank v. Maine, supra. It follows that no tax can be imposed under Chapter 5-A on the partnership interest in Texas real estate owned by Wilbur L. Ball, deceased.

We are returning your file on this estate herewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_

Walter R. Koch
Assistant

WRK:db